IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL SEARS and KYLE HAYS,                    Civil No. 05-6206-AA
                                             OPINION AND ORDER
        Plaintiffs,

   vs.

BLACKWELL'S NORTH AMERICA, INC.,

        Defendant.

---

Paul B. Meadowbrook
285 Liberty St., NE, Suite 360
Salem, Oregon 97301
    Attorney for plaintiffs

Elizabeth Schleuning
Amanda Gamblin
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. 5th Ave., Suite 1900
Portland, Oregon 97204
    Attorneys for defendant

AIKEN, Judge:

   Defendant filed a motion to dismiss plaintiffs' fourth claim

for relief pursuant to Fed. R. Civ. P. 12(b)(6).  That motion is

Page 1 - OPINION AND ORDER

granted without prejudice.

BACKGROUND

Plaintiffs filed a complaint against their former employer, Blackwell's North America, Inc. ("Blackwell's") pursuant to the Fair Labor Standards Act (FLSA) alleging failure to pay overtime wages in the cumulative amount of $28,000. See 29 U.S.C. §§ 207, 216. Plaintiff's Fourth Claim for Relief is filed pursuant to Or. Rev. Stat. §§ 652.610 and 652.615 alleging a penalty of $100,000.

ORS 652.610 requires an employer to identify on the employee's paystub each deduction from an employee's gross wages and restricts the types of deductions that an employer is permitted to take. ORS 652.615 creates a civil cause of action for the violation of ORS 652.610 (improper deductions from gross pay) including the recovery of actual damages or $200, whichever is greater. Defendant moves to dismiss plaintiffs' fourth claim for relief alleging that plaintiffs have failed to allege that defendant made any deductions from their gross wages in violation of the statute.

STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v.

Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

DISCUSSION

The statute at issue, ORS 652.610, provides that an employer may not "withhold, deduct or divert any portion of an employee's wages unless . . ." and then lists several exceptions including when an employee has voluntarily signed an authorization for a deduction or if the employer is required to do so by law. ORS 652.610(3). ORS 652.615 provides for a private right of action for violation of ORS 652.610(3) and "actual damages or $200, whichever is greater."

Plaintiffs assert that their claim of unpaid overtime wages qualify as an "unauthorized deduction" from their gross wages and thus the alleged violation states a claim under ORS 652.610(3). I disagree. Plaintiffs' complaint currently alleges a violation for unpaid overtime wages. The facts as alleged by plaintiffs do not support a claim under ORS 652.610 and 652.615. Plaintiffs have not alleged that the defendant made any deductions, authorized or otherwise, to plaintiffs' pay as required to state a claim under ORS 652.615. Plaintiffs' only allegation is that the defendant failed to pay overtime wages. In order to state a

claim under the statute, the case law specifically calls for an employer to make an improper deduction to an employee's wages, such as deducting a bond, deducting medical premiums, and deducting money for tardiness.  See Taylor v. Werner Enterprises Inc., 329 Or. 461, 988 P.2d 384 (1999); Nash v. Resources, Inc., 982 F.Supp. 1427 (D. Or. 1997); and Wilson v. Smurfit Newsprint Corp., 197 Or. App. 648, 107 P.3d 61 (2005).  Plaintiffs here have not alleged any improper deductions.  I have found no case law, nor have the plaintiffs cited any where an allegation of failure to pay overtime wages states a claim under ORS 652.610 and ORS 652.615.

## CONCLUSION

Defendant's motion to dismiss (doc. 3) is granted and plaintiffs' fourth claim for relief is dismissed.  Plaintiffs are allowed ten (10) days from the date of this Order to file any amended complaint.

IT IS SO ORDERED.

Dated this __18__ day of October 2005.


　　　　　　　　　　　　　　　　___/s/ Ann Aiken_____
　　　　　　　　　　　　　　　　　　　　Ann Aiken
　　　　　　　　　　　　　　United States District Judge